IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, *et al.*, | * * * |
| Plaintiffs, | * * |
| v. | *   Civil No. 8:23-03099-PJM * |
| KINDNESS GENERAL CONTRACTORS, LLC, | * * * |
| Defendant. | * |

## MEMORANDUM OPINION

The National Electrical Benefit Fund ("NEBF") and the National Electrical Annuity Plan ("NEAP", together with NEBF, the "Funds") are multiemployer employee pension benefit plans administered in Rockville, Maryland. Compl. ¶¶ 2–5, ECF No. 1. The Trustees of the Funds have brought this action to recover alleged delinquent contributions and related sums from Kindness General Contractors, LLC ("KGC"), a California corporation obligated to contribute to the Funds pursuant to its collective bargaining agreement ("CBA") with Local Unions 47 and 1245 of the International Brotherhood of Electrical Workers ("IBEW"). *Id.* at ¶ 1. KGC has filed a Motion to Dismiss or in the Alternative to Transfer. ECF No. 11. Having reviewed the submitted materials, the Court finds that no hearing is necessary. For the reasons that follow, KGC's Motion will be **DENIED**.

### I.  BACKGROUND

The Funds are multiemployer employee pension benefit plans within the meaning of Section 3(2) of the Employee Retirement Income Security Act ("ERISA"), established pursuant to an agreement entered into between the IBEW and the National Electrical Contractors Association ("NECA"). Compl. ¶¶ 4–5. KGC is a general contracting firm with its principal place of business

1

in Orange County, California. Decl. of Jeffrey Kindness ("Kindness Decl.") ¶¶ 4–5, ECF No. 11-1. KGC performs work on both union and non-union projects and has both union and non-union employees. *Id.* at ¶ 5. KGC's union employees are covered by a CBA with the IBEW Local Unions 47 and 1245. *Id.* The CBA was negotiated and entered into in Southern California. ECF No. 11 at 3. IBEW and KGC have also entered into several "Standalone Agreements." *Id.* at 4. Pursuant to these "Standalone Agreements," when IBEW does not have enough union members for a union project, and IBEW is not able to "dispatch sufficient workers within 72 hours of KGC's request, then KGC [is] able to use one of its non-union employees on the union project on a temporary basis." *Id.*

On or around July 2022, the Funds completed audits which allegedly show KGC failed to make all of its required contributions to both NEBF and NEAP, violating the terms of their CBA and related agreements. Compl. ¶¶ 15–26. The Funds further assert that, pursuant to the CBA, they are entitled to interest and liquidated damages on the delinquent contributions. *Id.* On November 11, 2023, the Trustees of the Funds filed suit in this Court to recover the alleged delinquent contributions and related sums from KGC. Compl. ¶ 1. On March 7, 2024, KGC filed a Motion to Dismiss or in the Alternative to Transfer. ECF No. 11.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue

First, KGC argues this case should be dismissed for lack of personal jurisdiction. ECF No. 11 at 5.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) will be granted where the court lacks personal jurisdiction over the claims alleged in the complaint. Under Rule 12(b)(2), the

plaintiff bears the burden of demonstrating personal jurisdiction is proper. *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

The Fourth Circuit has established the operative test to evaluate personal jurisdiction in the context of an ERISA case. *See Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs.*, 791 F.3d 436, 443 (4th Cir. 2015). If a defendant has been "validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the [requirements of Due Process under the] Fifth Amendment." *Plumbing Servs.*, 791 F.3d at 443 (citing *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626-27 (4th Cir. 1997)). For jurisdiction to comport with the Fifth Amendment, a defendant must have "sufficient aggregate contacts with the United States as whole." *Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. McD Metals*, 964 F. Supp. 1040, 1044 (E.D. Va. 1997).

In ERISA cases, challenging personal jurisdiction on Fifth Amendment grounds requires overcoming a "heavy burden." *Plumbing Servs.*, 791 F.3d at 444. Indeed, defendants must show the district court's assertion of personal jurisdiction over the defendant creates "'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of process provision." *Denny's, Inc. v. Cake*, 364 F.3d 521, 524 n.2 (4th Cir. 2004) (quoting *ESAB*, 126 F.3d at 627). When a defendant is a United States resident it is "highly unusual" that inconvenience will "rise to a level of constitutional concern." *Plumbing Servs.*, 791 F.3d at 444 (quoting *ESAB*, 126 F.3d at 627 (internal quotation marks omitted)).

The Court finds that it has personal jurisdiction over KGC. KGC was "validly served pursuant to [ERISA's] nationwide service of process provision," that "comports with the [Due Process requirements of the] Fifth Amendment." *Plumbing Servs., Inc.*, 791 F.3d at 443. KGC
3

has "sufficient aggregate contacts with the United States" that comport with the Fifth Amendment. *McD Metals*, 964 F. Supp. at 1044. KGC is incorporated and headquartered in the United States, performs work in the United States and employs citizens of the United States. ECF No. 18 at 4. Because KGC has sufficient aggregate contacts with the United States, for KGC to prevail on a 12(b)(2) motion it has to show that the Court's assertion of personal jurisdiction would result "in such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy" in ERISA's nationwide service of process provision. *Denny's, Inc.*, 264 F.3d at 524 n.2 (citation and internal quotation marks omitted). It has not done so. This is not a "highly unusual" circumstance in which inconvenience "rise[s] to a level of constitutional concern." *Plumbing Servs.*, 791 F.3d at 444 (quoting *ESAB*, 126 F.3d at 627 (internal quotation marks omitted)). The Court concludes it has personal jurisdiction over KGC.

Alternatively, KGC argues this case should be dismissed based on improper venue. ECF No. 11 at 5.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) envisions dismissal only when venue is "wrong" or "improper." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 55 (2013). This determination "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Id.* ERISA provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." 29 U.S.C. § 1332(e)(2). The plans at issue in this case are administered in Rockville, Maryland, which is located within this District. Compl. ¶¶ 2–5. Accordingly, venue is proper in the District of Maryland.

4

## B. Motion to Transfer Venue

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The Court considers "four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Plumbing Servs.*, 791 F.3d at 444 (citations omitted). The plaintiff's choice of venue is "entitled to substantial weight in determining whether transfer is appropriate." *Id.* (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). Moreover, as articulated by the Fourth Circuit, "ERISA's liberal venue provision" suggests that in ERISA cases, Congress intended to give a plaintiff's choice of forum even "greater weight." *Id.* (quoting *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856–57 (D. Md. 2005)).

Upon review of the four factors, the Court is not persuaded venue should be transferred. The Trustees of the Funds have elected to bring suit in their home forum, where the plan at issue is administered. Compl. ¶ 2. The Funds' choice of venue is entitled to "substantial weight," particularly so because the action is governed by ERISA. *Plumbing Servs.*, 791 F.3d at 444 (quoting *Sullivant*, 508 F. Supp. 2d at 477). Moreover, Congress's decision that actions may be brought where the plan is administered "suggest[s] its intent [is] to facilitate enforcement of ERISA by allowing plaintiffs to sue in a forum in which defendants may have only a limited connection." *Nat'l Elec. Benefit Fund v. Rabey Elec. Co.*, 2012 U.S. Dist. LEXIS 1248, *4 (D. Md. Jan. 5, 2012). KGC has not convinced the Court that the remaining three factors should overcome the "substantial weight" afforded to the Funds' choice of forum and Congress's intent

to allow plaintiffs to sue where the plans are administered. *Plumbing Servs.*, 791 F.3d at 444 (quoting *Sullivant*, 508 F. Supp. 2d at 477).

## IV. CONCLUSION

For the foregoing reasons, KGC's Motion to Dismiss or in the Alternative to Transfer, ECF No. 11, is **DENIED**.

A separate order will **ISSUE**.

July 23, 2024

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6